UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ivan Maldonado, ) | CASE NO.  4:11CV1547 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| Mary Kay Helscel, et al., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |
| ) | [Resolving Doc. 5] |
| ) | |

This matter comes before the Court on Defendants' motion for judgment on the pleadings (Doc. 5).  The Court has been advised, having considered the complaint, pleadings, and applicable law.  The motion for judgment on the pleadings is GRANTED. The complaint is DISMISSED.

I. LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings."  The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).  The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to

> provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

### III. ANALYSIS

The complaint contains only one federal cause of action. Specifically, Plaintiff Ivan Maldonado alleges that Defendant Mary Kay Helscel falsely reported that he had threatened her. Maldonado goes on to assert that Defendant Lieutenant Michael Cretella failed to investigate the complaint and caused a warrant to issue. On March 31, 2009, the complaint was issued and

Maldonado was arrested that same day.  From these facts, Maldonado alleges a § 1983 action based upon an alleged false arrest.

In their motion, Defendants alleged that Maldonado's § 1983 action is time barred.  The Court agrees.

The statute of limitations for a § 1983 action arising in Ohio is two years.  *See Owens v. Okure*, 488 U.S. 235, 239-41, 250 (1989) (holding that the statute of limitations for § 1983 claims is the most closely analogous state limitations period for general personal injury claims); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the analogous Ohio statute is O.R.C. § 2305.10(A), which provides a limitations period of 2 years).  It is clear that Maldonado was arrested on March 31, 2009.  His complaint was not filed until June 27, 2011.  As such, on its face, the § 1983 action is untimely.

Maldonado seeks to avoid this result by contending that his claims did not arise until his prosecution ultimately ended in his favor.  In raising this argument, Maldonado effectively seeks to combine all of the claims in complaint, i.e., his federal and state claims.  Maldonado is correct that his state-law malicious prosecution claim did not arise until his prosecution ended in his favor. Defendants, however, do not seek to dismiss that state law claim as time barred.  Furthermore, these claims are not equivalents.  "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Wallace v. Keto*, 549 U.S. 384, 390 (2007) (citation omitted).  Accordingly, this Court must examine the specific accrual date for a false arrest claim.

3

The Supreme Court has held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. As noted above, Maldonado was arrested on March 31, 2009. He was arraigned and released on his own recognizance the next day. Even assuming this latter date, April 1, 2009, was the first time he was caused to be detained pursuant to legal process, Maldonado's false arrest claim falls well outside the two-year statute of limitations.

Defendants also seek dismissal of Maldonado's three state law causes of action – malicious prosecution, unlawful arrest, and abuse of process. Defendants contend that immunity from suit precludes this Court from having jurisdiction over these claims and that only Ohio's Court of Claims could adjudicate these issues.

While opposing much of the motion for judgment on the pleadings, Maldonado does nothing to attack the validity of Defendants' argument regarding immunity. Having reviewed the argument, the Court finds it well taken.

> Ohio Revised Code § 9.86 provides as follows:
>
> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Furthermore, Ohio Revised Code § 2743.02(F) provides as follows:

> A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine,

4

> initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

Defendants admit to being employed by Youngstown State University. Additionally, there can be no dispute that Defendants, as employees of Youngstown State University, are instrumentalities of the state of the Ohio. *See, e.g., Lewis v. Kent State University*, 2010 WL 3169624 (Ohio Ct. App. Aug. 12, 2010).

> In case law, state universities are described as instrumentalities or arms of the state, as distinguished from subdivisions of the state, such as counties and municipalities. *See Collins v. Univ. of Cincinnati* (1981), 3 Ohio App.3d 183, 3 OBR 209, 444 N.E.2d 459; *Daniel v. American Bd. of Emergency Medicine* (W.D.N.Y.1998), 988 F.Supp. 127; *Dillion v. Univ. Hosp.* (S.D.Ohio 1989), 715 F.Supp. 1384; *Hall v. Med. College of Ohio at Toledo* (C.A.6, 1984), 742 F.2d 299; and *Bailey v. Ohio State Univ.* (S.D.Ohio 1980), 487 F.Supp. 601.

*Brinkman v. Miami University*, 139 Ohio Misc.2d 114, 120 n. 1 (Ohio Com.Pl. Nov. 22, 2005).

Moreover, any official capacity claim against Defendants is the equivalent of suing the employer – in this case, Youngstown State University. *See Mayes v. Columbus*, 105 Ohio App.3d 728, 742 (Ohio Ct. App. 1995). Therefore, the same immunity applies to such a claim as the immunity the employees themselves have under Ohio law.

Based upon the above, it is clear that any state law claims against Defendants must first be raised in the Ohio Court of Claims. Even if the complaint alleged bad faith or that Defendants acted outside the scope of their employment, the Revised Code would require that allegation to first be litigated in the Court of Claims. O.R.C. 2743.02(F). Accordingly, this Court lacks subject matter jurisdiction over those claims and they must be dismissed.

## IV. CONCLUSION

Defendants' motion for judgment on the pleadings (Doc. 5) is GRANTED. The complaint is hereby DISMISSED.

IT IS SO ORDERED.


Date:  <u>November 28, 2011</u>         <u>/s/ John R. Adams</u>
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT